UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                :

ABID H. QURESHI,

                :   Case No.: _____

            Plaintiff,

                :

    -against-              **DEFENDANTS' NOTICE OF REMOVAL**

                :

LUFTHANSA GROUP BUSINESS
SERVICES GMBH LLC, SWISS      :
INTERNATIONAL AIR LINES LTD., and
LUFTHANSA GROUP,           :

           Defendants.

------------------------------------------------------------x

       Defendants Lufthansa Group Business Services GMBH LLC, Swiss International Airlines

Ltd., and Lufthansa Group hereby remove this pending action from the Supreme Court of the State

of New York, County of New York to the United States District Court for the Southern District of

New York, on the following grounds:

### INTRODUCTION

       1.     On June 17, 2026, Plaintiff Abid H. Qureshi ("Plaintiff") filed with the Supreme

Court of the State of New York, County of New York, a Verified Complaint bearing Index No.

157660/2026.  A true and correct copy of the Summons and Verified Complaint (the "Complaint")

served on Defendants is attached hereto as **Exhibit 1**.

       2.     On June 23, 2026, Defendants were served with the Complaint.

       3.     The Complaint asserts claims against the Defendants for damages arising from

personal injuries Plaintiff allegedly sustained when his leg was hit by a food/drink cart during

Swiss Air Flight No. LX17 from JFK Airport in New York to Malta on June 19, 2025. *See*

Complaint at ¶¶ 66 and 67.

4. Plaintiff asserts claims against the Defendants under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force Nov. 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 ("Montreal Convention"). *See* Complaint, ¶¶ 68 and 69.

**THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 BECAUSE THE COMPLAINT ASSERTS A CAUSE OF ACTION ARISING UNDER A TREATY OF THE UNITED STATES**

5. Removal is proper because this Court has original jurisdiction based on the existence of a federal question under 28 U.S.C. § 1331.

6. Plaintiff's Complaint asserts claims for bodily injuries he allegedly sustained during Swiss Flight No. LX17 from New York to Malta, and expressly asserts claims arising under the Montreal Convention. *See* Complaint, ¶¶ 66 - 69.

7. The Montreal Convention applies to all "international carriage" by air within the meaning of Article 1.

8. Pursuant to the Montreal Convention, "international carriage" by air includes carriage in which, according to the agreement between the parties, the place of departure and the place of destination are: (1) situated within two different State Parties; or (2) within the territory of a single State Party if there is an "agreed stopping place within the territory of another State, even if that State is not a State Party." Montreal Convention, Art. 1(2).

9. Claims arising from bodily injury sustained on board an aircraft or during the operations of embarking or disembarking fall within the substantive scope of the Convention. *See* Montreal Convention, Art. 17; *Cohen v. American Airlines, Inc.*, 13 F. 4th 240, 244 (2d Cir. 2021)

(Article 17's substantive scope extends to all passenger injuries occurring on board the aircraft or in the course of any of the operations of embarking and disembarking).

10. The allegations in the Complaint arise out of injuries allegedly sustained by Plaintiff during international carriage by air pursuant to a contract of carriage providing for air transportation from New York to Malta on Swiss Air Flight No. LX17 on June 19, 2025. *See* Complaint at ¶¶ 66, 67.

11. Plaintiff's place of departure and place of destination were the United States and Malta, respectively, and both the United States and Malta are State parties to the Montreal Convention. Accordingly, the subject transportation out of which the subject matter of this action arose was "international carriage" within the meaning of Article 1(2) of the Montreal Convention. *See International Civil Aviation Organization (ICAO), Current List of Signatories to the Montreal Convention of 1999* available at https://www.icao.int/secretariat/legal/List%20of%20Parties/ Mtl99_EN.pdf (last visited October 27, 2022).

12. Thus, the rights of Defendants and Plaintiff are governed exclusively by the provisions of the Montreal Convention. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 160-161 (1999); *see also Kao v. British Airways, PLC*, 2018 WL 501609, at *2 (S.D.N.Y. Jan. 19, 2018) ("The Convention exclusively governs the rights of passengers injured on international carriage"); *accord Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386-387 (E.D.N.Y. 2012); *Souza v. American Airlines, Inc.*, 2011 WL 2749086, at *2 (S.D.N.Y. Jul. 7, 2011); *Booker v. BWIA West Indies Airways, Ltd.*, 2007 WL 1351927, *3 (E.D.N.Y. May 8, 2007); *Singh v. North American Airlines,* 426 F. Supp. 2d 38, 43-45 (E.D.N.Y. 2006).

13. As Plaintiff's asserted cause of action and claims arise under the Montreal Convention, which provides the exclusive cause of action for his claims, this action may be

removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a). *See Barry v. Royal Air Maroc*, 2022 WL 3215050, *1 (S.D.N.Y. July 8, 2022)(case removed to federal court on the ground that plaintiff's claim arises under the Montreal Convention); *Harraz v. EgyptAir Airlines Company*, 2019 WL 6700946, *8 (S.D.N.Y. Dec. 9, 2019)("Harraz's Complaint unequivocally raises Montreal Convention claims against both EgyptAir and Virgin Atlantic. Such claims clearly give rise to this Court's jurisdiction under 28 U.S.C. § 1331 and, consequently, removal under § 1441(a)"); *Mateo v. JetBlue Airways Corp.,* 847 F. Supp. 2d at 386 (finding removal proper because the Montreal Convention has "complete preemptive power" over claims falling within its purview); *Biscone v. JetBlue Airways Corp*., 681 F. Supp. 2d 383, 385 (E.D.N.Y. 2010)(Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction).

**THIS COURT ALSO HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332 BECAUSE THIS IS A CIVIL ACTION BETWEEN CITIZENS OF THE UNITED STATES AND FOREIGN STATES AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14. Removal is also proper because this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties.

15. Pursuant to 28 U.S.C. § 1441(a), this case may be removed by Defendants because it is a civil action between a citizen of the State of New York and citizens of foreign states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. *Diversity of Citizenship*

16. For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of foreign states. 28 U.S.C. § 1332(a)(2); *Tagger v. Strauss Gp. Ltd.,* 951 F.3d 124, 126 (2d Cir. 2020).

17. Upon information and belief, at all relevant times, Plaintiff was and is a United States citizen and resident of the State of New York. *See* Complaint at ¶ 1.

18. For purposes of diversity jurisdiction, a corporate entity is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC,* 692 F. 3d 42, 48 (2d Cir. 2012)(finding that corporation incorporated and with a principal place of business in Germany was a citizen of Germany for diversity purposes, even if corporation's New York branch was licensed to do business in New York); *see also Tagger,* 951 F.3d at 126 (finding Israeli corporation with headquarters in Israel a foreign party for purposes of diversity).

19. At all relevant times, Defendants Lufthansa Group Business Services GMBH LLC and Lufthansa Group were and are foreign entities organized and existing under the laws of Germany with their principal places of business located in Germany, and Defendant Swiss International Air Lines Ltd. was and is a foreign corporation organized and existing under the laws of Switzerland with its principal place of business located in Switzerland. Thus, for purposes of diversity jurisdiction, the Defendants all are citizens of foreign states. *See* 28 U.S.C. § 1332(c)(1).

20. Accordingly, since Plaintiff is a citizen of New York, and the Defendants are citizens of Germany and Switzerland, there exists complete diversity of citizenship between these parties for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

### B. *Amount in Controversy*

21. 28 U.S.C. 1446 (C) provides that if removal of a civil action is sought pursuant to 28 U.S.C. 1332(a), the sum demanded in the Complaint shall be deemed to be the amount in controversy, except that:

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—

    (i) nonmonetary relief; or

    (ii) a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

22. In a removed case, "the party invoking federal jurisdiction…has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount". *Rhythm of Life Corp., v Hartford Financial Services Group, Inc*., 522 F. Supp. 3d 4, 6 (S.D.N.Y. 2021) quoting *Gilman v. BHC Sec., Inc.*, 104 F. 3d 1418, 1421 (2d. Cir. 1997). The defendant "must justify its allegations that the plaintiff's complaint asserts claims exceeding $75,000 by a preponderance of the evidence." *Gilman,* 104 F. 3d at 1421 quoting *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

23. Here, Plaintiff's Complaint is silent as to a specific amount demanded as New York law prohibits *ad damnum* clauses in personal injury actions. NY CPLR 3017(c). However, in the absence of a specified sum, it is appropriate for courts to look outside of the pleadings to determine the amount in controversy since jurisdictional inquiries are not limited to the Complaint. *Bercy v. American Airlines, Inc.*, 2011 WL 2490716, *2 (June 22, 2011). "In similar actions, courts faced

with amount-in controversy disputes have considered the following non-exhaustive set of factors: whether the plaintiff sought to amend the amount-in controversy or otherwise stipulate to a minimum or maximum amount; whether plaintiff represented that damages exceed $75,000; whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions; and evidence of forum-or judge-shopping." *Id*.

24. Plaintiff alleges in his Complaint that he was caused to suffer severe and permanent personal injuries to his right leg, body and mind; a severe shock to the nervous system; suffered great physical pain and mental anguish, was confined to bed and home and caused to abstain from usual duties and activities, was forced to seek medical aid and attention and to expend divers sums of money for same, in an endeavor to be healed and cured of said injuries, which may be permanent and lasting. *See* Complaint at ¶71.

25. Courts have frequently found that complaints alleging injuries of this nature are sufficient to meet the amount in controversy requirement. *See, e.g., Zido v. Werner Enters., Inc.,* 498 F.Supp.2d 512, 514 & n. 3 (N.D.N.Y. 2006) (finding that damages exceeded $75,000 when the plaintiffs sought to recover non-economic losses from personal injury and loss of consortium, along with economic losses from medical expenses and other costs); *James v. Gardner,* 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (finding amount in-controversy requirement to be met where the complaint was silent on damages, but alleged that the plaintiff suffered "severe and permanent personal injuries").

**THIS NOTICE OF REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

26. In addition to satisfying the requirements of jurisdiction, the Defendants have satisfied all other requirements for removal.

27. The Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service date on defendants on June 23, 2026.

28. A copy of this Notice of Removal will be filed with the Clerk's Office of the Supreme Court of New York, County of New York and will be served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

29. A copy of all "process, pleadings, and orders served upon" Defendants are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

30. This is the proper district for removal under 28 U.S.C. §§ 112(b) and 1441(a) in that the Southern District of New York includes New York County and is "the district and division embracing the place where such action is pending."

**CONCLUSION**

31. WHEREFORE, Defendants pray that the above-entitled action now pending in the Supreme Court of New York, County of New York be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Dated: New York, New York
      July 7, 2026

CLYDE & CO US LLP

By: *s/ Christopher Carlsen*
    Christopher Carlsen
2 Grand Central Tower
140 E. 45th Street, Suite 26A
New York, New York 10017
Tel: (212) 710-3900

*Attorneys for Defendants*
.

To:   Jason Krakower, Esq.
      Raphaelson & Levine Law Firm, P.C.
      14 Penn Plaza, Suite 1718
      New York, NY 10122
      *Attorneys for Plaintiff*

EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————
ABID H. QURESHI,

Plaintiff,

-against-

LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC,
SWISS INTERNATIONAL AIR LINES LTD. and
LUFTHANSA GROUP,

Defendants.
———————————————————————

Filed:

INDEX NO.:

Plaintiff designates New York
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
99 John Street
New York, New York 10038

**To the above named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
      June 17, 2026

By: JASON KRAKOWER, ESQ.
RAPHAELSON & LEVINE LAW FIRM, P.C.
Attorneys for Plaintiff
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222

DEFENDANTS:

LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC
1400 RXR Plaza West Tower
Uniondale, New York 11556

SWISS INTERNATIONAL AIR LINES LTD.
28 Liberty Street
New York, New York 10005

LUFTHANSA GROUP
625 RXR Plaza
Uniondale, New York 11553

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ABID H. QURESHI,

Plaintiff,

-against-

LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC,
SWISS INTERNATIONAL AIR LINES LTD. and
LUFTHANSA GROUP,

Defendants.

---

INDEX NO.:

**VERIFIED COMPLAINT**

---

Plaintiff, by his attorneys, **RAPHAELSON & LEVINE LAW FIRM, P.C.**, as and for

his Verified Complaint, respectfully alleges, upon information and belief:

1.  The plaintiff, **ABID H. QURESHI**, at all times herein mentioned was and still is

a resident of the County of New York and the State of New York.

2.  The defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**,

at all times herein mentioned, was and still is a foreign limited liability company duly licensed

and authorized to do business in the State of the New York.

3.  The defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**,

at all times herein mentioned conducted and carried on business in the State of New York.

4.  That at all times herein mentioned, defendant, **LUFTHANSA GROUP

BUSINESS SERVICES GMBH LLC**, transacted business within the State of New York.

5.  That at all times herein mentioned, defendant, **LUFTHANSA GROUP

BUSINESS SERVICES GMBH LLC**, derived substantial revenue from goods used or

consumed or services rendered in the State of New York.

6.  That at all times herein mentioned, defendant, **LUFTHANSA GROUP**

BUSINESS SERVICES GMBH LLC, expected or should reasonably have expected its acts to have consequences in the State of New York.

7. That at all times herein mentioned, defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, derived substantial revenue from interstate or international commerce.

8. At all times herein mentioned, defendant **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC** was and still is a major airline carrier that operated regularly scheduled passengers flights to and from John F. Kennedy International Airport.

9. At all times herein mentioned, defendant **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC** was a commercial air carrier engaged in the business of carrying passengers for hire in intestate and international commerce.

10. The defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, at all times herein mentioned, was and still is a foreign business corporation duly licensed and authorized to do business in the State of the New York.

11. The defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, at all times herein mentioned conducted and carried on business in the State of New York.

12. That at all times herein mentioned, defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, transacted business within the State of New York.

13. That at all times herein mentioned, defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14. That at all times herein mentioned, defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, expected or should reasonably have expected its acts to have consequences in the

State of New York.

15. That at all times herein mentioned, defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, derived substantial revenue from interstate or international commerce.

16. At all times herein mentioned, defendant **SWISS INTERNATIONAL AIR LINES LTD.** was and still is a major airline carrier that operated regularly scheduled passengers flights to and from John F. Kennedy International Airport.

17. At all times herein mentioned, defendant **SWISS INTERNATIONAL AIR LINES LTD.** was a commercial air carrier engaged in the business of carrying passengers for hire in intestate and international commerce.

18. The defendant, **LUFTHANSA GROUP**, at all times herein mentioned, was and still is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Nassau and State of New York.

19. The defendant, **LUFTHANSA GROUP**, at all times herein mentioned, was and still is a foreign corporation duly licensed and authorized to do business in the State of the New York.

20. The defendant, **LUFTHANSA GROUP**, at all times herein mentioned conducted and carried on business in the State of New York.

21. That at all times herein mentioned, defendant, **LUFTHANSA GROUP**, transacted business within the State of New York.

22. That at all times herein mentioned, defendant, **LUFTHANSA GROUP**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

23. That at all times herein mentioned, defendant, **LUFTHANSA GROUP**, expected or should reasonably have expected its acts to have consequences in the State of New York.

24. That at all times herein mentioned, defendant, **LUFTHANSA GROUP**, derived substantial revenue from interstate or international commerce.

25. At all times herein mentioned, defendant **LUFTHANSA GROUP** was and still is a major airline carrier that operated regularly scheduled passengers flights to and from John F. Kennedy International Airport.

26. At all times herein mentioned, defendant **LUFTHANSA GROUP** was a commercial air carrier engaged in the business of carrying passengers for hire in intestate and international commerce.

27. That on June 19, 2025, Plaintiff **ABID QURESHI** was a lawful passenger on an aircraft on Swiss Air flight #LX17.

28. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, owned the aforesaid aircraft.

29. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, leased the aforesaid aircraft.

30. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, was the lessee of the aforesaid aircraft.

31. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, was the lessor of the aforesaid aircraft.

32. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, defendant's servants, agents and/or employees operated the aforesaid aircraft.

33. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees managed the

aforesaid aircraft.

34. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees maintained the aforesaid aircraft.

35. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees controlled the aforesaid aircraft.

36. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees constructed the aforesaid aircraft.

37. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees supervised the aforesaid aircraft.

38. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees repaired the aforesaid aircraft.

39. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC**, its agents, servants and/or employees inspected the aforesaid aircraft.

40. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, owned the aforesaid aircraft.

41. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, leased the aforesaid aircraft.

42. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, was the lessee of the aforesaid aircraft.

43. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, was the lessor of the aforesaid aircraft.

44. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, defendant's servants, agents and/or employees operated the aforesaid aircraft.

45. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees managed the aforesaid aircraft.

46. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees maintained the aforesaid aircraft.

47. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees controlled the Swiss Air flight #LX17 JFK to Malta.

48. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees constructed the aforesaid aircraft.

49. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees supervised the aforesaid aircraft.

50. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees repaired the aforesaid aircraft.

51. That at all times herein mentioned, the defendant, **SWISS INTERNATIONAL AIR LINES LTD.**, its agents, servants and/or employees inspected the aforesaid aircraft.

52. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP,**

owned the aforesaid aircraft.

53. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, leased the aforesaid aircraft.

54. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, was the lessee of the aforesaid aircraft.

55. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, was the lessor of the aforesaid aircraft.

56. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, defendant's servants, agents and/or employees operated the aforesaid Swiss Air flight #LX17 JFK to Malt aforesaid aircraft.

57. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees managed the aforesaid aircraft.

58. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees maintained the aforesaid aircraft.

59. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees controlled the aforesaid aircraft.

60. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees constructed the aforesaid aircraft.

61. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees supervised the aforesaid aircraft.

62. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees repaired the aforesaid aircraft.

63. That at all times herein mentioned, the defendant, **LUFTHANSA GROUP**, its agents, servants and/or employees inspected the aforesaid aircraft.

64. That at all times herein mentioned, plaintiff was lawfully present upon the aforesaid aircraft.

65. That at all times herein mentioned, it was the duty of the defendants and defendants' respective servants, agents and/or employees to manage, maintain and control the aforesaid aircraft in a safe manner for all persons lawfully thereat.

66. *That on or about June 19, 2025, at approximately 1:00 A.M., while the plaintiff was lawfully and properly in the aforesaid Swiss Air flight #LX17 JFK to Malta thereof, on Aisle C his leg was caused to hit by a cart on the Swiss Air flight #LX17 JFK to Malta consisting of dangerous, hazardous and is trap-like conditions existing thereat, in consequence whereof, the said plaintiff sustained serious and severe personal injuries.*

67. Upon information and belief, defendants their agents, servants, contractees and/or employees were negligent, careless and reckless in the ownership, operation, maintenance, replacement, supervision, inspection and control of the aforesaid flight, was caused and permitted to be, become and remain in a dangerous and hazardous condition for a long and or unreasonable length of time. *Upon information and belief, defendants their agents, servants, contractees and/or employees were negligent, careless and reckless in the ownership, operation, maintenance, replacement, supervision, inspection and control of the aforementioned flight and surrounding areas were caused and permitted to be, become and remain dangerous, hazardous and trap-like for a long and or unreasonable length of time. Defendants were further negligent, careless and reckless in failing to warn individuals of the above mentioned dangerous and hazardous conditions; in negligently causing the food/drink cart to strike Plaintiff's leg; in*

causing, creating and/or failing to cure the aforementioned dangerous, hazardous and trap-like flight which was dangerous and hazardous; in failing to take any steps, precautions and safeguards to keep the flight in a reasonably safe and suitable condition; in failing to provide warnings to the persons lawfully thereat; in causing, creating and/or failing to cure the aforementioned dangerous, hazardous and trap-like condition; in failing to supervise and/or inspect said defective, dangerous, hazardous and trap-like condition; in failing to remedy dangerous, hazardous and trap-like condition; and in other ways acting in a negligent, careless and reckless manner with regard to said flight, all of which caused plaintiff, **ABID H. QURESHI,** to sustain serious and grievous personal injuries; in other ways acting in a negligent, careless and reckless manner with regards to said flight; in failing to hire, provide and employ competent, capable, experienced, trained and diligent personnel to properly and adequately supervise, manage and maintain the said flight and in violating those codes, ordinances, rules and regulations in such cases made and provided for.

68. That the defendants, their agents, servants and/or employees violated the Montreal Convention, Article 17.

69. That the defendants owe Plaintiff compensation as provided by Articles 21 and 17 of the Montreal Convention

70. That the aforesaid occurrence was due solely by reason of the negligence of the defendants and through no fault or lack of care on the part of the plaintiff contributing thereto.

71. That by reason of the aforesaid occurrence, plaintiff, **ABID H. QURESHI,** sustained serious and severe personal injuries to his right leg, body and mind; a severe shock to the nervous system; suffered great physical pain and mental anguish; was confined to bed and home and was caused to abstain from usual duties and activities; was forced to seek medical aid

and attention and to expend divers sums of money for same, in an endeavor to be healed and cured of said injuries, which may be permanent and lasting.

72.     This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

73.     Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdictional, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
        June 17, 2026

By: JASON KRAKOWER, ESQ.
RAPHAELSON & LEVINE LAW FIRM, P.C.
Attorneys for Plaintiff
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  NEW YORK

---

ABID H. QURESHI

INDEX NO.
CAL. NO.

Plaintiff,

**INDIVIDUAL VERIFICATION**

-against-

LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC,
SWISS INTERNATIONAL AIR LINES LTD. and
LUFTHANSA GROUP

Defendants.

---

STATE OF NEW YORK  )

) ss.:

COUNTY OF

Abid Qureshi
_____, being duly sworn, deposes and says:

That I am one of the plaintiffs in the within action.

I have read the foregoing  and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

┌─ DocuSigned by:
X_____│ *Abid Qureshi*
└─ D3991DA8DF8C4E7...

Sworn to before me this
17th day of June

*Rashanel Story*
NOTARY PUBLIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ABID H. QURESHI,

Plaintiff,

-against-

LUFTHANSA GROUP BUSINESS SERVICES GMBH LLC, SWISS INTERNATIONAL AIR LINES LTD. and LUFTHANSA GROUP,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## SUMMONS and VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF
-----------------------------------------------------------------------X
ABID H. QURESHI,

Index No.: 157660/2026

        Plaintiff,

   - against -

LUFTHANSA GROUP BUSINESS SERVICES GMBH
LLC, SWISS INTERNATIONAL AIR LINES LTD. and
LUFTHANSA GROUP ,

        Defendants.
-----------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit: www.nycourts.gov/efile-unrepresented or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court

contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: June 22, 2026

Jason Krakower, Esq.
Name

Raphaelson & Levine Law Firm, PC
Firm Name

14 Penn Plaza, Suite 1718, NY, NY 10122
Address

212-268-3222
Phone

jkrakower@rllawyers.com
E-Mail